STATE OF INDIANA     )         IN THE HANCOCK SUPERIOR COURT
                       ) SS:    CIVIL DIVISION
COUNTY OF HANCOCK  )        CAUSE NO.:

DAKOTA S. FISHER,         )
                           )
        Plaintiff,     )
                           )
Vs.                       )
                           )
CRAWFORD TRUCKING, INC. and  )
DOUGLAS L. KINNEY,       )
                           )
        Defendants.   )

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Dakota S. Fisher, by counsel, and for her Complaint for Damages against the Defendants, Douglas L. Kinney and Crawford Trucking, Inc., hereby alleges and asserts that:

1.     At all times mentioned herein, the Plaintiff, Dakota S. Fisher, was a resident of the County of Marion, State of Indiana.

2.     At all times relevant herein, the Defendant, Crawford Trucking, Inc, was organized and existing under the laws of the State of Iowa and was conducting business within the State of Indiana, County of Hancock.

3.     At all times relevant herein, the Defendant, Douglas L. Kinney, was a resident of the State of Iowa, City of Waukee.

4.     At all times relevant herein, the Defendant, Douglas L. Kinney, was an employee, agent, and representative of the Defendant, Crawford Trucking, Inc., and was acting within the scope and course of that employment.

5.     At all times mentioned herein, there was and now is, in the City of Greenfield, County of Hancock, State of Indiana, a public thoroughfare known as County Road 300 N.

which runs generally in an easterly and westerly direction and intersects with County Road 600 W., which runs generally runs in a northerly and southerly direction.

6.      On or about the 27th day of March, 2020 at approximately 3:17 P.M., the Plaintiff, Dakota S. Fisher, was riding as a passenger in a 2000 Dodge Ram pick-up truck traveling in a westbound direction on County Road 600 W. at the County Road 300 N. intersection.  The vehicle Plaintiff was riding in was being driven by Chase D. Jack.

7.      At said time and place, the Defendant, Douglas L. Kinney, was operating a 2020 tractor-trailer Freightliner in a southbound direction on County Road 600 W. approaching the County Road 300 N. intersection.

8.      At said time and place, the Defendant, Douglas L. Kinney, suddenly and without warning, failed to yield to on-coming traffic and pulled his tractor-tractor directly into the path of the vehicle that Plaintiff was riding in, causing an unavoidable collision.

9.      At said time and place, the Defendants, were careless and negligent in manners that include, but are not limited to the following:

    a.      Defendants carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway;

    b.      Defendants failed to exercise reasonable care and was consequentially negligent in the operation of their vehicle;

    c.      Defendants carelessly and negligently failed to apply the brakes of the vehicle they were operating in time to avoid a collision with the vehicle that Plaintiff was riding in as a passenger;

    d.      Defendants carelessly and negligently failed to keep their vehicle under proper control so as to avoid a collision with the vehicle that Plaintiff was riding in as a passenger;

    e.      Defendants carelessly and negligently operated their vehicle at an unreasonable and unsafe speed under the circumstances;

    f.      Defendants carelessly and negligently failed to change, alter or divert the course of their driving so as to avoid a collision with the vehicle that

Plaintiff was riding in as a passenger; and

g.     Defendant, Crawford Trucking, Inc., failed to maintain a safety program
       and adequate instruction to Douglas Kinney.

10.     As a direct and proximate result of the Defendants' carelessness and negligence,

the Plaintiff, Dakota S. Fisher, has sustained personal injuries including, but not limited to, right

sided neck pain, abrasion of right clavicle region, right shoulder pain, right leg pain, left-hand

pain, small laceration on her left fist, and left sided rib pain for which she has suffered pain and

continues to suffer pain.

11.     All of the injuries sustained by the Plaintiff, Dakota S. Fisher, have resulted in

limitation of motion and physical pain and suffering.

12.     As a direct and proximate result of the Defendant's carelessness and negligence,

the Plaintiff, Dakota S. Fisher, in order to treat her injuries and to lessen her pain and suffering,

has been required to engage the services of medical personnel, physicians, radiologists, and

specialists for medical care and treatment and has incurred, and will incur in the future,

reasonable medical expenses for such treatment.

13.     As a direct and proximate result of the carelessness and negligence of the

Defendants, the Plaintiff, Dakota S. Fisher, has been damaged.

WHEREFORE, the Plaintiff, Dakota S. Fisher, prays for judgment against the

Defendants, Crawford Trucking, Inc. and Douglas L. Kinney, in an amount commensurate with

her injuries and damages, for the cost of this action, pre-judgment interest and for all other just

and proper relief in the premises.

Respectfully submitted,

**YOSHA COOK & TISCH**

By: _ /s/ Bryan Tisch _____
Bryan C. Tisch, No. 24693-49
Counsel for Plaintiff

**YOSHA COOK & TISCH**
**9102 N. Meridian Street, Suite 535**
**Indianapolis, IN  46260**
**(317)334-9200**
**Attorney No: 24693-49**
Email: btisch@yoshalaw.com

| STATE OF INDIANA | ) | IN THE HANCOCK SUPERIOR COURT |
|---|---|---|
| | ) SS: | CIVIL DIVISION |
| COUNTY OF HANCOCK | ) | CAUSE NO.: |

| | |
|---|---|
| DAKOTA S. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| CRAWFORD TRUCKING, INC. and | ) |
| DOUGLAS L. KINNEY, | ) |
| | ) |
| Defendants. | ) |

## <u>APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

Party Classification:        Initiating __X__        Responding _____        Intervening _____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):  Dakota S. Fisher

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rule 3.1 and 77(B) is as follows:

|  |  |
|---|---|
| Name: | Bryan C. Tisch, Attorney No. 24693-49 |
| | YOSHA COOK & TISCH |
| Address: | 9102 N. Meridian Street, Suite 535 |
| | Indianapolis, Indiana 46260 |
| | Email: btisch@yoshalaw.com |
| Phone: | 317-334-9200 |
| Fax: | 317-566-3578 |

3.    There are other party members: Yes _____ No __X__ (If yes, list on continuation page.)

4.    ***If first initiating party filing this case***, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5.    I will accept service by FAX at the above noted #: Yes _____ No __X__

6.    This case involves support issues.  Yes _____ No __X__

7.    There are related cases: Yes _____ No __X__  (If yes, list on continuation page)

8.    This form has been served on all other parties.
      Certificate of Service is attached: Yes ___ No_X_

9.    Additional information required by local rule:

                                        __*s/s/ Bryan C. Tisch*_____
                                        BRYAN C. TISCH
                                        Attorney for Plaintiff
                                        (Attorney information shown above)

Hancock Superior Court 1

# SUMMONS

STATE OF INDIANA ) IN THE HANCOCK SUPERIOR COURT
) SS: CIVIL DIVISION
COUNTY OF HANCOCK ) CAUSE NO.:

| | |
|---|---|
| DAKOTA S. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| CRAWFORD TRUCKING, INC. and | ) |
| DOUGLAS L. KINNEY, | ) |
| | ) |
| Defendants. | ) |

**TO DEFENDANT:**     **Crawford Trucking, Inc.**
**c/o Gregg R. Ryan**
**5201 Park Avenue**
**Des Moines, IA  50321**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was served by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated  12/9/2021

_____ (Seal)
Clerk, Hancock Superior Court

**(The following manner of service of summons is hereby designated).**

 X   Registered or certified mail.

____  Service at place of employment, to-wit:

____  Service on individual -- (Personal or copy) at above address.  By Sheriff

____  Service on agent.  (Specify)

____  Other service.  (Specify)

Bryan C. Tisch, #24693-49                                    9102 N. Meridian St., #535
YOSHA COOK & TISCH                                         Indianapolis, IN  46260
Attorney for Plaintiff                                             (317) 334-9200
btisch@yoshalaw.com

### *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the ____ day of _____, 20___.

(1)     By delivering a copy of the Summons and a copy of the complaint to the defendant, .

(2)     By leaving a copy of the Summons and a copy of the complaint at and by mailing a copy of said summons to said defendant at the above address.

(3)     Other Service or Remarks: _____.

_____
Sheriff's Costs

_____
Sheriff, Hancock County

By:_____
Deputy

### *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the ____ day of _____, 20___, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated:_____

_____
Clerk, Hancock Superior Court

By: _____
Deputy

### *RETURN ON SERVICE OF SUMMONS BY MAIL*

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the ____ day of _____, 20 .

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the ___ day of _____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the ___ day of _____, 20___.

_____
Clerk, Hancock Superior Court

By:_____
Deputy

# S U M M O N S

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HANCOCK SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF HANCOCK | ) | CAUSE NO.: |

DAKOTA S. FISHER,                              )
                                                                )
         Plaintiff,                               )
                                                                )
Vs.                                                           )
                                                                )
CRAWFORD TRUCKING, INC. and          )
DOUGLAS L. KINNEY,                            )
                                                                )
         Defendants.                           )

**TO DEFENDANT:**     **Douglas L. Kinney**
                                    **2165 S.E. Crab Apple Court**
                                    **Waukee, IA  50263**

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was served by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated _____12/9/2021_____

_____ (Seal)
Clerk, Hancock Superior Court

**(The following manner of service of summons is hereby designated).**

_X_  Registered or certified mail.

___  Service at place of employment, to-wit:

___  Service on individual -- (Personal or copy) at above address.  By Sheriff

___  Service on agent.  (Specify)

___  Other service.  (Specify)

Bryan C. Tisch, #24693-49                         9102 N. Meridian St., #535
YOSHA COOK & TISCH                             Indianapolis, IN  46260
Attorney for Plaintiff                                   (317) 334-9200
btisch@yoshalaw.com

### *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the ____ day of _____, 20___.

(1)     By delivering a copy of the Summons and a copy of the complaint to the defendant, .

(2)     By leaving a copy of the Summons and a copy of the complaint at and by mailing a copy of said summons to said defendant at the above address.

(3)     Other Service or Remarks: _____.

_____

Sheriff's Costs

_____

Sheriff, Hancock County

By:_____

Deputy

### *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the ____ day of _____, 20___, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated:_____

_____

Clerk, Hancock Superior Court

By: _____

Deputy

### *RETURN ON SERVICE OF SUMMONS BY MAIL*

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the ____ day of _____, 20 .

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the ___ day of _____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the ___ day of _____, 20___.

_____

Clerk, Hancock Superior Court

By:_____

Deputy

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HANCOCK SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF HANCOCK | ) | CAUSE NO.: 30D01-2112-CT-001728 |

| | |
|---|---|
| DAKOTA S. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| CRAWFORD TRUCKING, INC. and | ) |
| DOUGLAS L. KINNEY, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF ISSUANCE OF SUMMONS

I hereby certify that on the 9th day of December, 2021, I mailed a copy of the Summons and a copy of the Complaint to the Defendant, Crawford Trucking, Inc., by certified mail, requesting a return receipt, tracking number: 7019 2970 0001 9151 9627.

I further hereby certify that the return receipt was received by me showing that the Summons and a copy of the Amended Complaint, mailed to Crawford Trucking, Inc. were accepted on the 14th day of December 2021.


Dated: December 28, 2021                          /s/ *Anna Poland*
                                                Anna Poland
                                                Paralegal to Bryan C. Tisch

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE HANCOCK SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION |
| COUNTY OF HANCOCK | ) | CAUSE NO.: 30D01-2112-CT-001728 |

DAKOTA S. FISHER, )
                   )
        Plaintiff, )
                   )
Vs. )
                   )
CRAWFORD TRUCKING, INC. and )
DOUGLAS L. KINNEY, )
                   )
        Defendants. )

## CERTIFICATE OF ISSUANCE OF SUMMONS

     I hereby certify that on the 9th day of December, 2021, I mailed a copy of the Summons and a copy of the Complaint to the Defendant, Douglas L. Kinney, by certified mail, requesting a return receipt, tracking number: 7019 2970 0001 9152 2481.

     I further hereby certify that the return receipt was received by me showing that the Summons and a copy of the Amended Complaint, mailed to Douglas L. Kinney were accepted on the 16th day of December 2021.

Dated: December 22, 2021               /s/ *Anna Poland*
                                           Anna Poland
                                           Paralegal to Bryan C. Tisch

STATE OF INDIANA )  HANCOCK SUPERIOR COURT 1
) SS:
COUNTY OF HANCOCK )  CAUSE NO.: 30D01-2112-CT-001728

DAKOTA S. FISHER, )
)
                    Plaintiff, )
)
        vs. )
)
CRAWFORD TRUCKING, INC. and )
DOUGLAS L. KINNEY, )
)
                    Defendants. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:     **Defendants**

        1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):
                **Crawford Trucking, Inc. and Douglas L. Kinney**

        2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

                Christopher R. Whitten, Attorney No.  20429-49
                Matthew K. Phillips, Attorney No.  28724-49
                WHITTEN LAW OFFICE
                6801 Gray Road, Suite H
                Indianapolis, IN 46237
                (317) 362-0225 Telephone
                (317) 362-0151 Facsimile
                cwhitten@indycounsel.com
                mphillips@indycounsel.com

        3.      There are other party members:  No.

        4.      If first initiating party filing this case, the Clerk is required to assign this case the following Case Type under Administrative Rule 8(b)(3):  N/A.

        5.      I will accept service by FAX at the above noted number:  No.

        6.      This case involves support issues.  No.  (If yes, supply social security number for all family members).

7.    There are related cases:  No.

8.    This form has been served on all other parties.  Certificate of Service is attached:  Yes.

9.    Additional information required by local rule:  N/A.

Respectfully submitted,

WHITTEN LAW OFFICE

_____
Christopher R. Whitten/20429-49

_____
Matthew K. Phillips/28724-49
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On December 29, 2021, I electronically served and/or filed the foregoing document through the Court's ECF system on the following:

Bryan C. Tisch, Esq.
YOSHA COOK & TISCH
BTisch@yoshalaw.com

_____
Christopher R. Whitten

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:    317-362-0225
Fax:    317-362-0151
cwhitten@indycounsel.com
mphillips@indycounsel.com

Filed: 12/29/2021 11:07 AM
Clerk
Hancock County, Indiana

| STATE OF INDIANA | ) | | HANCOCK SUPERIOR COURT 1 |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF HANCOCK | ) | | CAUSE NO.: 30D01-2112-CT-001728 |

DAKOTA S. FISHER,                              )
                                              )
                        Plaintiff,            )
                                              )
          vs.                                 )
                                              )
CRAWFORD TRUCKING, INC. and                   )
DOUGLAS L. KINNEY,                            )
                                              )
                        Defendants.           )

## MOTION FOR ENLARGEMENT OF TIME

Defendants, Crawford Trucking, Inc. and Douglas L. Kinney ("Defendants"), by counsel, respectfully request the Court for an enlargement of time of 30 days to respond to the Complaint ("Complaint") of Plaintiff, Dakota S. Fisher, and in support thereof, state as follows:

1.      On or about December 14, 2021, Defendant, Crawford Trucking, Inc., was served with a copy of the Summons and Complaint via certified mail.

2.      On or about December 16, 2021, Defendant, Douglas L. Kinney, was served with a copy of the Summons and Complaint via certified mail.

3.      The time for Defendants to respond to Plaintiff's Complaint has not yet expired.

4.      Counsel for Defendants requires additional time to confer with his clients and to prepare an appropriate response to the Complaint.

5.      No prior enlargement of time has been requested or obtained.

WHEREFORE, Defendants, Crawford Trucking, Inc. and Douglas L. Kinney, by counsel, respectfully request the Court for an enlargement of time of

30 days up to and including February 4, 2022, in which to respond to the Complaint and for all other just and proper relief.

Respectfully submitted,

WHITTEN LAW OFFICE

_____
Christopher R. Whitten/20429-49

_____
Matthew K. Phillips/28724-49
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On December 29, 2021, I electronically served and/or filed the foregoing document through the Court's ECF system on the following:

Bryan C. Tisch, Esq.
YOSHA COOK & TISCH
BTisch@yoshalaw.com

_____
Christopher R. Whitten

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:   317-362-0225
Fax:  317-362-0151
cwhitten@indycounsel.com
mphillips@indycounsel.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HANCOCK SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF HANCOCK | ) | CAUSE NO.: 30D01-2112-CT-001728 |

| | |
|---|---|
| DAKOTA S. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CRAWFORD TRUCKING, INC. and | ) |
| DOUGLAS L. KINNEY, | ) |
| | ) |
| Defendants. | ) |

**FILED**
December 29, 2021
HANCOCK SUPERIOR COURT
MK

## **ORDER ON DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME**

This matter came before the Court on Defendants' Motion for Enlargement of Time to Answer Complaint.  The Court having been first duly advised, now **GRANTS** the Motion.

IT IS THEREFORE ORDERED that Defendants, Crawford Trucking, Inc. and Douglas L. Kinney, shall have up to and including February 4, 2022, in which to respond to Plaintiff's Complaint.

**December 29, 2021**
Date:_____

_____
Judge, Hancock Superior Court 1

Copies to:

Bryan C. Tisch, Esq.
YOSHA COOK & TISCH
BTisch@yoshalaw.com

Christopher R. Whitten, Esq.
Matthew K. Phillips, Esq.
WHITTEN LAW OFFICE
cwhitten@indycounsel.com
mphillips@indycounsel.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | HANCOCK SUPERIOR COURT 1 |
| | ) SS: | |
| COUNTY OF HANCOCK | ) | CAUSE NO.: 30D01-2112-CT-001728 |

| | |
|---|---|
| DAKOTA S. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CRAWFORD TRUCKING, INC. and | ) |
| DOUGLAS L. KINNEY, | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF CHANGE OF LAW FIRM NAME**

Christopher R. Whitten and Matthew K. Phillips, counsel for Defendants, hereby notifies the Court of their new firm name, Whitten Law Office LLC.  The address, phone number and email addresses remain the same.

Respectfully submitted,

WHITTEN LAW OFFICE LLC

_____
Christopher R. Whitten/20429-49

_____
Matthew K. Phillips/28724-49
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

On January 4, 2022, I electronically served and/or filed the foregoing document through the Court's ECF system on the following:

Bryan C. Tisch, Esq.
YOSHA COOK & TISCH
BTisch@yoshalaw.com

_____
Christopher R. Whitten

WHITTEN LAW OFFICE
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:    317-362-0225
Fax:   317-362-0151
cwhitten@indycounsel.com
mphillips@indycounsel.com

| STATE OF INDIANA | ) | | HANCOCK SUPERIOR COURT 1 |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF HANCOCK | ) | | CAUSE NO.: 30D01-2112-CT-001728 |

DAKOTA S. FISHER,                    )
                                     )
               Plaintiff,        )
                                     )
    vs.                              )
                                     )
CRAWFORD TRUCKING, INC. and          )
DOUGLAS L. KINNEY,                   )
                                     )
            Defendants.      )

## ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR TRIAL BY JURY

Defendants Crawford Trucking, Inc. ("Crawford Trucking") and Douglas L. Kinney ("Kinney") (collectively "Defendants"), answer Plaintiff's Complaint for Damages, state their Affirmative Defenses, and request a jury trial as follows:

## ANSWER

1.     At all times mentioned herein, the Plaintiff, Dakota S. Fisher, was a resident of the County of Marion, State of Indiana.

**ANSWER:   Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 of Plaintiff's Complaint for Damages.**

2.     At all times relevant herein, the Defendant, Crawford Trucking, Inc., was organized and existing under the laws of the State of Iowa and was conducting business within the State of Indiana, County of Hancock.

**ANSWER:   Defendants admit the allegations in Paragraph 2 of Plaintiff's Complaint for Damages.**

3.     At all times relevant herein, the Defendant, Douglas L. Kinney, was a resident of the State of Iowa, City of Waukee.

**ANSWER:   Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint for Damages.**

4.     At all times relevant herein, the defendant, Douglas L. Kinney, was an employee, agent, and representative of the Defendant, Crawford Trucking, Inc., and was acting within the scope and course of that employment.

**ANSWER:   Defendants admit that at the time of the accident, Kinney was driving a tractor-trailer in the course and scope of his agency with and pursuant to the federal operating authority of Crawford Trucking. Defendants deny and any allegation inconsistent with the foregoing admission contained in Paragraph 4 of Plaintiff's Complaint for Damages.**

5.     At all times mentioned herein, there was and now is, in the City of Greenfield, County of Hancock, State of Indiana, a public thoroughfare known as County Road 300 N which runs generally in an easterly and westerly direction and intersections with County Road 600 W, which runs generally runs in a northerly and southerly direction.

**ANSWER:   Defendants admit the allegations in Paragraph 5 of Plaintiff's Complaint for Damages.**

6.     On or about the 27th day of March, 2020 at approximately 3:17 P.M., the Plaintiff, Dakota S. Fisher, was riding as a passenger in a 2000 Dodge Ram pick-up truck traveling in a westbound direction on County Road 600 W at the County Road 300 N intersection.  The vehicle Plaintiff was riding in was being driven by Chase D. Jack.

**ANSWER: Defendants deny the allegations in the first sentence of Paragraph 6 of Plaintiff's Complaint for Damages. Defendants admit the allegations in the second sentence of Paragraph 6 of Plaintiff's Complaint for Damages.**

7.     At said time and place, the Defendant, Douglas L. Kinney, was operating a 2020 tractor-trailer Freightliner in a southbound direction on County Road 600 W approaching the County Road 300 N intersection.

**ANSWER:   Defendants deny the allegations in Paragraph 7 of Plaintiff's Complaint for Damages.**

8.     At said time and place, the Defendant, Douglas L. Kinney, suddenly and without warning, failed to yield to on-coming traffic and pulled his tractor-trailer directly into the path of the vehicle that Plaintiff was riding in, causing an unavoidable collision.

**ANSWER:   Defendants deny the allegations in Paragraph 8 of Plaintiff's Complaint for Damages.**

9.     At said time and place, the Defendants, were careless and negligent in manners that include, but are not limited to the following:

   a.     Defendants carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway;

   b.     Defendants failed to exercise reasonable care and was consequentially negligent in the operation of their vehicle;

   c.     Defendants carelessly and negligently failed to apply the brakes of the vehicle they were operating in time to avoid a collision with the vehicle that Plaintiff was riding in as a passenger;

d.  Defendants carelessly and negligently failed to keep their vehicle under proper control so as to avoid a collision with the vehicle that Plaintiff was riding in as a passenger;

e.  Defendants carelessly and negligently operated their vehicle at an unreasonable and unsafe speed under the circumstances;

f.  Defendants carelessly and negligently failed to change, alter or divert the course of their driving so as to avoid a collision with the vehicle that Plaintiff was riding in as a passenger; and

g.  Defendant, Crawford Trucking, Inc., failed to maintain a safety program and adequate instruction to Douglas Kinney.

**ANSWER:  Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint for Damages.**

10.  As a direct and proximate result of the Defendants' carelessness and negligence, the Plaintiff, Dakota S. Fisher, has sustained personal injuries including, but not limited to, right sided neck pain, abrasion of right clavicle region, right shoulder pain, right leg pain, left-hand pain, small laceration on her left fist, and left sided rib pain for which she has suffered pain and continues to suffer pain.

**ANSWER:  Defendants deny the allegations in Paragraph 10 of Plaintiff's Complaint for Damages.**

11.  All of the injuries sustained by the Plaintiff, Dakota S. Fisher, have resulted in limitation of motion and physical pain and suffering.

**ANSWER:  Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint for Damages.**

12.  As a direct and proximate result of the Defendant's carelessness and negligence, the Plaintiff, Dakota S. Fisher, in order to treat her injuries and to

lessen her pain and suffering, has been required to engage the services of medical personnel, physicians, radiologists, and specialists for medical care and treatment and has incurred, and will incur in the future, reasonable medical expenses for such treatment.

**ANSWER:   Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint for Damages.**

13.    As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff, Dakota S. Fisher, has been damaged.

**ANSWER:   Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint for Damages.**

<u>**AFFIRMATIVE DEFENSES**</u>

Crawford and Kinney, for their Affirmative Defenses, state:

1.    Plaintiff's damages, if any, should be reduced by percentage of the fault of non-party Chase D. Jack.

2.    Plaintiff may have received or may in the future receive compensation payments, and/or other types of contribution for her alleged injuries and damages. Any damages assessed against Defendants should be diminished or reduced by the amount of compensation received or to be received by Plaintiff from other sources.

3.    Subject to further discovery, Plaintiff may have failed to mitigate her damages.

4.    Defendants deny any and all allegations in Plaintiff's Complaint that were not specifically admitted.

WHEREFORE, Crawford Trucking and Kinney request that Plaintiff takes nothing by way of her Complaint and for all other just and proper relief in the premises.

## DEMAND FOR TRIAL BY JURY

Crawford Trucking and Kinney request this matter be tried by a jury.

Respectfully submitted,

WHITTEN LAW OFFICE LLC

_____
Christopher R. Whitten/20429-49

_____
Matthew K. Phillips/28724-49
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On February 4, 2022, I electronically served and/or filed the foregoing document through the Court's ECF system on the following:

Bryan C. Tisch, Esq.
YOSHA COOK & TISCH
BTisch@yoshalaw.com

_____
Christopher R. Whitten

WHITTEN LAW OFFICE LLC
6801 Gray Road, Suite H
Indianapolis, IN 46237
PH:    317-362-0225
Fax:   317-362-0151
cwhitten@indycounsel.com
mphillips@indycounsel.com

6