UNITED STATES DISTRICT COURT
SOUTHEERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAKOTA S. FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:22-cv-379 |
| Vs. | ) |
| | ) |
| CRAWFORD TRUCKING, INC., | ) |
| DOUGLAS L. KINNEY, | ) |
| CHASE JACK, and | ) |
| STATE FARM MUTUAL AUTOMOBILE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

**AMENDED**
**COMPLAINT FOR DAMAGES**

**COUNT I**

Comes now the Plaintiff, Dakota S. Fisher, by counsel, and with consent from original Defendants, Crawford Trucking, Inc. and Douglas L. Kinney, pursuant to Federal Rule of Civil Procedure 15(a)(2), hereby files her Amended Complaint for Damages against the Defendants, Crawford Trucking, Inc., Douglas L. Kinney, Chase Jack and State Farm Mutual Automobile Insurance Company, and hereby states and alleges as follows:

1. At all times mentioned herein, the Plaintiff, Dakota S. Fisher, was a resident of the County of Marion, State of Indiana.

2. At all times relevant herein, the Defendant, Crawford Trucking, Inc, was organized and existing under the laws of the State of Iowa and was conducting business within the State of Indiana, County of Hancock.

3. At all times relevant herein, the Defendant, Douglas L. Kinney, was a resident of the State of Iowa, City of Waukee.

4. At all times relevant herein, the Defendant, Chase Jack, was a resident of Marion County, State of Indiana.

5. At all times relevant herein, the Defendant, Douglas L. Kinney, was an employee, agent, and representative of the Defendant, Crawford Trucking, Inc., and was acting within the scope and course of that employment.

6. At all times mentioned herein, there was and now is, in the City of Greenfield, County of Hancock, State of Indiana, a public thoroughfare known as County Road 300 N. which runs generally in an easterly and westerly direction and intersects with County Road 600 W., which runs generally runs in a northerly and southerly direction.

7. On or about the 27th day of March, 2020 at approximately 3:17 P.M., the Plaintiff, Dakota S. Fisher, was riding as a passenger in a 2000 Dodge Ram pick-up truck traveling in a westbound direction on County Road 600 W. at the County Road 300 N. intersection.  Defendant Chase Jack was the driver of the 2000 Dodge Ram; the vehicle that Plaintiff was riding in.

8. At said time and place, the Defendants, Douglas L. Kinney and Crawford Trucking were operating a 2020 tractor-trailer Freightliner in a southbound direction on County Road 600 W. approaching the County Road 300 N. intersection.

9. At said time and place, the Defendant, Douglas L. Kinney, suddenly and without warning, failed to yield to on-coming traffic and pulled his tractor-tractor directly into the path of the vehicle that Defendant Chase Jack was driving and that Plaintiff Dakota Fisher was riding in, causing an unavoidable collision.

10. At said time and place, the Defendant, Chase Jack, was negligent in the operation and maintenance of his vehicle as he failed to slow, failed to stop and struck the semi tractor-trailer being operated by Douglas L. Kinney and Crawford Trucking.

11. At said time and place, the Defendants, were careless and negligent in manners that include, but are not limited to the following:

    a. Defendants carelessly and negligently failed to maintain a proper lookout for other vehicles using the roadway;

    b. Defendants failed to exercise reasonable care and was consequentially negligent in the operation of their vehicles;

    c. Defendants carelessly and negligently failed to apply the brakes of the vehicles they were operating in time to avoid a collision with the vehicle that Plaintiff was riding in as a passenger;

    d. Defendants carelessly and negligently failed to keep their vehicles under proper control so as to avoid a collision;

    e. Defendants carelessly and negligently operated their vehicle at an unreasonable and unsafe speed under the circumstances;

    f. Defendants carelessly and negligently failed to change, alter or divert the course of their driving so as to avoid a collision with the vehicle that Plaintiff was riding in as a passenger;

    g. Defendants failed to yield to traffic; and

    h. Defendant, Crawford Trucking, Inc., failed to maintain a safety program and adequate instruction to Douglas Kinney in the operation of the semi-tractor trailer he operated.

12. As a direct and proximate result of the Defendants' carelessness and negligence, the Plaintiff, Dakota S. Fisher, has sustained personal injuries including, but not limited to, right sided neck pain, abrasion of right clavicle region, right shoulder pain, right leg pain, left-hand pain, small laceration on her left fist, and left sided rib pain for which she has suffered pain and continues to suffer pain.

13. All of the injuries sustained by the Plaintiff, Dakota S. Fisher, have resulted in limitation of motion and physical pain and suffering.

14. As a direct and proximate result of the Defendants' carelessness and negligence, the Plaintiff, Dakota S. Fisher, in order to treat her injuries and to lessen her pain and suffering, has been required to engage the services of medical personnel, physicians, radiologists, and specialists for medical care and treatment and has incurred, and will incur in the future, reasonable medical expenses for such treatment.

15. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiff, Dakota S. Fisher, has been damaged.

WHEREFORE, the Plaintiff, Dakota S. Fisher, prays for judgment against the Defendants, Crawford Trucking, Inc., Douglas L. Kinney, and Chase Jack, in an amount commensurate with her injuries and damages, for the cost of this action, pre-judgment interest and for all other just and proper relief in the premises.

**COUNT II**

Comes now the Plaintiff, Dakota Fisher, by counsel, and for her Complaint for Damages against the State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm"), alleges and asserts that:

16. Plaintiff incorporates by reference all rhetorical paragraphs 1-15 contained in Count I of Plaintiff's Complaint for Damages.

17. At the time of the collision of March 27, 2020, the Plaintiff, Dakota Fisher was a named insured under her own automobile policy with State Farm, under Policy Number 424 2862-B21-14C (hereinafter referred to as "policy"), which included under-insured motorist coverage and uninsured motorist coverage. (See Exhibit 1 and Exhibit 2, the insurance declaration page and policy attached hereto and incorporated herein).

18. Defendant, State Farm, is an insurance company duly licensed in the State of Indiana, and is engaged in the business of selling, among other things, personal insurance,

including automobile liability policies.

19. Said policy was in full force and effect at the time of the collision that Plaintiff, Dakota Fisher was involved in on March 27, 2020.

20. Said policy provided, among other things, underinsured motorist and uninsured motorist coverage for bodily injury in the amount of $100,000 per person under Policy No. 424 2862-B21-14C.

21. The Defendant, State Farm, is currently in possession of an entire copy of Policy No. 424 2862-B21-14C, the applicable policy of insurance coverage and Certificate of Coverage for Dakota Fisher of which was in effect on March 27, 2020.

22. Defendant Chase Jack was an uninsured driver at the time of the March 27, 2020 collision.

23. Defendant, State Farm, is obligated to provide compensation to the Plaintiff such that the Plaintiff, Dakota Fisher, can recover directly from her insured, State Farm, under her uninsured motorist policy of insurance up to $100,000 per each occurrence.

24. Defendant, State Farm, has not accepted liability as attributable to Chase Jack.

25. In the event that Defendants have applicable insurance, Plaintiff Dakota Fisher is entitled, under her contract with State Farm, to recover under her underinsured motorist provision of her policy if the Defendants have insurance limits less than Plaintiff's underinsured motorist coverage benefits.

26. State Farm's policy of insurance including Policy Number 424 2862-B21-14C obligates State Farm to pay any judgment that may be entered in this matter against the Defendant, Chase Jack, up to $100,000 for each occurrence.

WHEREFORE, the Plaintiff, Dakota Fisher, prays for a judgment against the Defendant, State Farm, under her uninsured portion of her insurance policy, for costs of this action, and for

all other relief just and proper in the premises. If it is determined that the Defendants Crawford Trucking, Inc., Douglas L. Kinney or Chase Jack were underinsured for less than Dakota Fisher's policy limits, Plaintiff, Dakota Fisher, prays for judgment against Defendant, State Farm under her underinsured motorist portion of her State Farm insurance policy, for costs of this action, and for all other relief just and proper in the premises.

        Respectfully submitted,

        */s/ Bryan C. Tisch*
        Bryan C. Tisch, No. 24693-49

        Attorney for Plaintiff
        (btisch@yoshalaw.com)
        **YOSHA COOK & TISCH**
        9102 N. Meridian St., Ste. 535
        Indianapolis, Indiana 46260
        317-334-9200 (telephone)
        317-566-3578 (facsimile)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of March, 2022 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Christopher R. Whitten, No. 20429-49
Matthew K. Phillips, No. 28724-49
Whitten Law Office, LLC
6801 Gray Road, Suite H
Indianapolis, IN 46237
cwhitten@indycounsel.com
mphillips@indycounsel.com

        */s/ Bryan C. Tisch*
        Bryan C. Tisch

**YOSHA COOK & TISCH**
9102 N. Meridian St., Ste. 535

Indianapolis, Indiana  46260
317-334-9200 (telephone)
317-566-3578 (facsimile)
btisch@yoshalaw.com